IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT STEED,

                      Plaintiff,

   v.

DR. SYED, RN T. JOHNSON, RN WARNER,
WARDEN THOMAS, and WARDEN DOUMA,

                      Defendants.

OPINION & ORDER

15-cv-55-jdp

---

      Plaintiff Robert Steed is a prisoner in the custody of the Wisconsin Department of Corrections at the Columbia Correctional Institution. He has filed a civil complaint under 42 U.S.C. § 1983 in which he alleges that, while he was incarcerated at the New Lisbon Correctional Institution, he received the wrong pain medication, which was ineffective and gave him an allergic reaction. He seeks leave to proceed *in forma pauperis* and has paid the initial partial payment of the filing fee as previously directed by the court.

      The next step is for the court to screen the complaint and dismiss any portions that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After considering plaintiff's allegations, I conclude that at this point, he states only Wisconsin-law negligence claims that cannot by themselves be heard in this court. I will give plaintiff an opportunity to submit an amended complaint further detailing his constitutional claims.

ALLEGATIONS OF FACT

Plaintiff Robert Steed is a prisoner currently incarcerated at the Columbia Correctional Institution. The events in plaintiff's complaint took place while plaintiff was incarcerated at the New Lisbon Correctional Institution (NLCI).

On October 8, 2014, plaintiff submitted a health request for a refill of an ibuprofen prescription to treat chronic neck and back pain. I understand plaintiff to be saying that he usually takes pain medication at least twice a day. Plaintiff states that "[his] medication was discontinued," which I understand to mean that plaintiff had a prescription for ibuprofen but that it was discontinued at some point. Plaintiff does not say who discontinued the medication, nor does he focus on the two-day lapse as a cause of harm. On October 10, Nurse T. Johnson responded, stating that the prescription was "renewed."

Defendant Syed "sent down" pills that plaintiff thought were ibuprofen. However, when plaintiff ingested the pills, his "mouth would instantly get numb, and [he would suffer] agonizing stomach cramps, which followed with diarrhea." Plaintiff never had these problems with ibuprofen. Plaintiff asked to see the blister pack, and it did not say that the medication was ibuprofen. Plaintiff believes that he received Tylenol instead, although he does not explain how he knows this. Plaintiff states that Syed did not follow proper protocol in making sure he was not allergic to the Tylenol or informing plaintiff of the medication change.

Plaintiff states that several times between October and December 2014, he "was prescribed" Tylenol instead of ibuprofen. I understand him to be saying that his prescription was refilled, albeit with the new medication. Defendant Syed has never explained why he changed the medication. The Tylenol is not strong enough to prevent plaintiff from suffering

severe pain. Plaintiff believes that Syed made the medication change because, at some earlier point in 2014, he filed an inmate grievance about other decisions Syed made about plaintiff's treatment.

Plaintiff argues that the "medication administration 'system'" at NLCI "is unable to reliably provide medication to treat patients with medical conditions." By this I understand plaintiff to be saying that either the switch in medication or failure to provide Dr. Syed with proper information caused plaintiff to be given incorrect medication. Defendant Warner, the Health Services Unit manager, has "approv[ed] and ratif[ied]" the system under which staff is "managing several carts full of blistered-packed pills and paperwork" that he believed led to the problem in his case.

## ANALYSIS

At the heart of the case is plaintiff's allegation that defendant Dr. Syed changed plaintiff's medication for chronic neck and back pain from ibuprofen to Tylenol. Plaintiff brings Eighth Amendment deliberate indifference, First Amendment retaliation, and state law medical malpractice claims regarding that decision.

The Eighth Amendment prohibits prison officials from acting with deliberate indifference to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). A "serious medical need" may be a condition that a doctor has recognized as needing treatment or one for which the necessity of treatment would be obvious to a lay person. *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006). A medical need may be serious if it is life-threatening, carries risks of permanent serious impairment if left untreated, results in needless pain and suffering, significantly affects an individual's daily activities, *Gutierrez v.*

*Peters*, 111 F.3d 1364, 1371-73 (7th Cir. 1997), or otherwise subjects the prisoner to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). For defendants to be deliberately indifferent to such a need, they must know of the need and disregard it. *Id*. at 834. But "the Eighth Amendment is not a vehicle for bringing claims for medical malpractice." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

Plaintiff's allegation that he suffers chronic pain is sufficient to show he has a serious medical need. But plaintiff falters when it comes to the deliberate indifference part of his claim. The mere fact that Syed changed plaintiff's medication from ibuprofen to Tylenol does not show that Syed was disregarding plaintiff's need. Plaintiff alleges that he suffered an allergic reaction to the Tylenol, but plaintiff does not suggest that Syed knew plaintiff would have this problem. Plaintiff argues that Syed "recklessly disregarded the risk of harm in failing to inform [plaintiff] of adverse consequences or allergic reaction," Dkt. 1, at 4, which would suffice to plead a deliberate indifference claim if I could reasonably conclude that the provision of ibuprofen to an inmate is inherently reckless. *See Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998) ("Only the criminal recklessness standard provides adequate notice of what conduct is or is not permitted" under Eighth Amendment.). At best, plaintiff has stated a malpractice claim against Syed.

Plaintiff's claim that the Tylenol is not strong enough to alleviate his pain in also insufficient to show deliberate indifference because he does not say that he informed Syed about the ineffectiveness of the medication and that Syed disregarded the complaint. If Syed did not know about the ineffectiveness of the Tylenol, he cannot be liable under the Eighth Amendment.

4

Plaintiff also attempts to bring a First Amendment claim against Syed for changing the medication in retaliation for a previous inmate grievance plaintiff filed about Syed's treatment. To state a claim for retaliation under the First Amendment, a plaintiff must identify: (1) the constitutionally protected activity in which he was engaged; (2) one or more retaliatory actions taken by the defendant that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) sufficient facts to make it plausible to infer that the plaintiff's protected activity was one of the reasons defendants took the action they did against him. *Bridges v. Gilbert*, 557 F.3d 541, 556 (7th Cir. 2009). Plaintiff's grievance is protected activity and I can reasonably assume that the provision of ineffective pain medication to "send a message" to a complaining prisoner could deter that person from filing further grievances. But there is nothing in plaintiff's allegations that plausibly connects the medication change to plaintiff's previous grievance, nor is there any reason to think that Syed knew that the ibuprofen would cause an allergic reaction or would be ineffective. Again, plaintiff's allegations describe a malpractice claim rather than a constitutional violation.

As for the other defendants, plaintiff states that nurse T. Johnson conveyed a health service request response stating that his ibuprofen prescription was renewed. If anything, this shows that Johnson helped plaintiff rather than violated his rights, so plaintiff fails to state a claim against this defendant.

I understand plaintiff to have an alternative theory for the medication switch: that there are "systematic errors" in the medication system at NLCI that led to him receiving pills that gave him an allergic reaction, and blames this on defendant nurse Warner, who is the NLCI Health Services Unit manager. But the mere fact that Warner supervised the system does not show that she was personally involved in the violation of his constitutional rights.

5

*Wilson v. City of Chicago*, 6 F.3d 1233, 1241 (7th Cir. 1993) ("Neither *respondeat superior* nor negligent supervision of subordinates is an authorized ground of liability in a suit under 42 U.S.C. § 1983."). Finally, plaintiff also names wardens Thomas and Douma as defendants, but he does not allege that they did anything to violate his rights, so he cannot proceed on claims against them.

If plaintiff's allegations are only sufficient to state Wisconsin-law negligence claims, the case will not be able to proceed in this court. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[T]he usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). However, before dismissing the case (and leaving plaintiff with the option of filing his case in state court), I will give plaintiff a chance to flesh out his allegations supporting his proposed federal claims. If plaintiff believes that he can address the various problems with his federal claims discussed above, he may submit an amended complaint including additional allegations showing how defendants' actions showed deliberate indifference toward his medical needs or a desire to retaliate against him for his prior grievance.

ORDER

IT IS ORDERED that plaintiff Robert Steed's complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8. Plaintiff may have until August 6, 2015, to submit an amended complaint addressing the problems detailed in the opinion above. Should

plaintiff fail to submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment dismissing the case.

Entered July 16, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge